**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew L. Puzz, a single man,        ) | No. CV-10-1699-PHX-GMS |
|                                       ) | |
|             Plaintiff,                ) | **ORDER** |
|                                       ) | |
| vs.                                   ) | |
|                                       ) | |
|                                       ) | |
| Chase Home Finance, LLC; Michael A.) | |
| Bosco and Jane Doe 1, a married couple) | |
| with community property; Mark S. Bosco) | |
| and Jane Doe 2, a married couple with) | |
| community property; Tiffany & Bosco,) | |
| P.A.,                                 ) | |
|                                       ) | |
|             Defendants.               ) | |
| _____) | |

Pending before this Court are: (1) Motion to Dismiss filed by Chase Home Finance, LLC, (Doc. 10); (2) Motion to Dismiss Plaintiff's First Amended Verified Complaint and Request for Costs and Attorneys' Fees by the Bosco Defendants (Doc. 11); (3) Motion for Summary Disposition on Motion to Dismiss Plaintiff's First Amended Verified Complaint and Request for Costs and Attorneys' Fees by the Bosco Defendants (Doc. 27); (4) Motion for Sanctions and Response to Motion for Ruling/ Summary Disposition by Plaintiff (Doc. 29); and (5) Chase's Request for Summary Ruling (Doc. 33). For the reasons stated below, the Defendants' Motions to Dismiss are granted in part and denied in part; Plaintiff's Motion

for Sanctions is denied; and Defendants' Motions for Summary Ruling are denied as moot.[1]

**BACKGROUND**

According to the First Amended Verified Complaint ("FAC"), on November 6, 2006, Plaintiff borrowed money to purchase the subject real property at 1243 West Kiva Avenue in Mesa. (Doc. 1, Ex. 4 at ¶¶ 2, 15). To borrow the money he gave a promissory note and deed of trust. Plaintiff's obligation on the note was apparently transferred to Defendant Chase which also apparently became the beneficiary on the deed of trust. (*Id.*). Plaintiff missed his first mortgage payment on October 1, 2009. (*Id.* at ¶ 22).

On its website, Chase stated that it would consider whether debtors in default were eligible to receive loan modifications, and if not, would consider other workout options. Plaintiff had his attorney request a loan modification application from Chase. Chase sent some correspondence to Plaintiff, and Plaintiff submitted a Freddie Mac "Request for Modification" application to Chase on February 12, 2010. (*Id.* at ¶ 30). Chase received the application on February 16, 2010. (*Id.* at ¶ 32). Plaintiff alleges that Chase never intended to evaluate him for a loan modification or other workout solution, but instead determined that it would foreclose on the deed of trust.

On or about February 1, 2010, however, Chase had referred Plaintiff's file to the Bosco Defendants to conduct the non-judicial foreclosure.[2] (*Id.* at ¶ 43). On February 26, 2010, the Bosco Defendants recorded a substitution of trustee and noticed a trustee sale of the subject property. (*Id.* at ¶¶ 48–49). In early March, the Bosco Defendants sent correspondence directly to Plaintiff informing him of the foreclosure. (*Id.* at ¶ 51). The

---

[1] Plaintiff and Bosco Defendants' requests for oral argument are denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The Bosco Defendants consist of Michael A. and Mark S. Bosco, their spouses, and their law firm, Tiffany & Bosco, P.A. All of the allegations pertaining to the Bosco Defendants in the FAC arise from actions taken by Michael A. Bosco as successor trustee on the deed of trust at issue in this case.

- 2 -

1  Defendants placed a sign on the subject property on April 30, 2010. (*Id.* at ¶ 53).

2  In mid-May, Plaintiff initiated this legal proceeding in Maricopa County Superior Court. Plaintiff received an order from Superior Court that temporarily restrained the non-judicial foreclosure. (*Id.* at ¶ 57). The Bosco Defendants thereafter postponed but did not terminate the trustee's sale. (*Id.* at ¶¶ 59–60). Plaintiff alleges that as of the date of the FAC, Defendant Chase "refuses to provide Puzz with a Non-Approval Notice/Borrower's Notice or consider Puzz for all other loss mitigation/foreclosure prevention options." (*Id.* at ¶ 63). Plaintiff further alleges that the Defendants' "sole motivation" in not evaluating him for a loan modification "is to illegally foreclose against Puzz's Property and collect insurance money from Freddie Mac and the United States Treasury." (*Id.* at ¶ 64).

Plaintiff's FAC alleges causes of action against all Defendants for fraud (count 1), defamation (count 8), failure to follow trustee procedures (count 10), wrongful foreclosure (count 11), and unjust enrichment (count 12). It alleges causes of action against only Chase for misrepresentation (count 2), promissory estoppel (count 3), breach of fiduciary duty (count 4), violation of the Arizona Consumer Fraud Act (count 5), breach of the covenant of good faith and fair dealing (count 6), negligence (count 7), and intentional infliction of emotional distress (count 9). Finally, the FAC alleges causes of action against only the Bosco Defendants for a violation of the Fair Debt Collection Practices Act ("FDCPA") (count 13), negligence per se (count 14), and negligence (count 15).[3]

Chase and the Bosco Defendants filed separate motions to dismiss which detailed arguments as to why each of the above counts failed to adequately state a claim. The Bosco Defendants' motion also included a request for costs and attorneys' fees pursuant to A.R.S. § 33-807(E) (2007).

Plaintiff has never responded to either Motion to Dismiss. Instead Plaintiff filed three separate stipulations to extend the deadline by which he was required to respond. After the

---

[3] There is no meaningful distinction between Plaintiff's separate counts against the Bosco Defendants for negligence per se (count fourteen) and negligence (count fifteen).

- 3 -

1  third stipulated motion for extension was denied by the Court, Plaintiff still failed to timely
2  file a response to either Motion. The Bosco Defendants then filed a Motion for Summary
3  Disposition. Plaintiff filed a Response to the Bosco Defendants' Motion for Summary
4  Disposition together with a Motion for Sanctions, but Plaintiff still has filed no response to
5  either Motion to Dismiss.

6  In Plaintiff's Motion for Sanctions, Plaintiff asserts that settlement should occur in this
7  litigation because "as a result of this lawsuit" Chase took what Plaintiff asserts are the
8  necessary steps prior to foreclosure that "allows Plaintiff to be properly and thoroughly
9  reviewed for all loss mitigation and foreclosure prevention options." (Doc. 29 at 7). Further,
10 "Defendants ceased directly contacting Plaintiff, cancelled the illegal trustee's sale and
11 ceased informing third parties of a foreclosure date barred by the TRO." (*Id*. at 6).
12 Settlement nevertheless has not occurred because the Bosco Defendants have declined
13 Plaintiff's "walk away" proposal and do not wish to drop their request for the reimbursement
14 and attorneys' fees and costs under A.R.S. § 33-807(E). Plaintiff asserts that the Bosco
15 Defendants should be fined for their refusal to settle, pursuant to A.R.S. § 12-349 (2003)
16 and/or Rule 11 of the Federal Rules of Civil Procedure.

## DISCUSSION

### I.   The Motions To Dismiss

19 Plaintiff did not respond to either of the Defendants' Motions to Dismiss. In the
20 absence of any response, both Defendants have moved for the summary granting of their
21 motions pursuant to Local Rule of Civil Procedure 7.2(i), which provides, in pertinent part:

> [I]f the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily.

24 The Court, thus, may deem Plaintiff's failure to timely respond a consent to the granting of
25 the Defendants' Motions to Dismiss. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir.
26 1995) (holding that district court did not abuse its discretion in summarily granting
27 defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to
28 respond to motion but failed to do so); *United States v. $22,474 in U.S. Currency*, 55 F.

1 Supp. 2d 1007, 1011 (D. Ariz. 1999) (citing former Rule 1.10(i) and stating that failure to
2 comply with Local Rules "would be grounds upon which to summarily grant the
3 Government's motion to dismiss"). Nevertheless, the Bosco Defendants request that we grant
4 them their attorneys' fees pursuant to A.R.S. § 33-807(E) requires an evaluation to some
5 extent of the nature of Plaintiff's claims. The Court will, therefore, evaluate the merits of the
6 defense motions. The Defendants' motions for summary entry of judgment on their motions
7 to dismiss therefore, are denied.

### A. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Analysis

Plaintiff's complaint fails in many respects to meet the above standard. The gravamen

- 5 -

1 of Plaintiff's counts one through seven and nine through twelve is the allegation that Chase
2 promised him, with the Bosco Defendants' knowledge, to evaluate loan modification options
3 or other foreclosure alternatives before foreclosing on his deed of trust. Plaintiff also
4 apparently alleges that Chase was obligated to evaluate loan modification options for the
5 Plaintiff pursuant to federal law.  While Defendants have admittedly not foreclosed, they
6 nevertheless did notice and re-notice a deed of trust sale prior to cancelling such notices after
7 the initiation of the lawsuit.

8 The FAC asserts that Plaintiff was damaged by submitting a Freddie Mac loan
9 modification application to Chase on February 12, 2010. (Doc. 1, Ex. 4 at ¶ 72). However,
10 such an allegation, without more, fails to allege sufficient facts to make it plausible that this
11 submission in some way injured the Plaintiff. The FAC does allege that Chase wanted
12 Plaintiff to apply for a loan modification so that it could deny the application, yet still
13 foreclose on the property and receive insurance proceeds from Freddie Mac.  (*Id*. at ¶ 105).
14 Nevertheless, to the extent that Plaintiff seeks to assert the legal conclusion that Chase was
15 required to have a loan modification application from Plaintiff before being able to receive
16 Freddie Mac benefits on his foreclosure, the Court need not accept such legal conclusions
17 as being sufficient to state a claim when they are wholly unsupported by existing law.

18 Even assuming that the Home Affordable Modification Act ("HAMP") guidelines
19 suggest that lenders provide foreclosure alternatives to their debtors, there is no authority for
20 the proposition that HAMP or its regulations or guidelines create a private right of action
21 against lenders who begin foreclosure without providing such alternatives. *See, e.g.,*
22 *Berenice Thoreau de la Salle v. America's Wholesale Lender,* 2010 U.S. Dist. LEXIS 36319,
23 at *3–4 (E.D. Cal. 2010).  Nor does Plaintiff provide any authority suggesting that Freddie
24 Mac can withhold insurance proceeds based on a lender's failure to process a loan
25 modification application from a borrower in default on which the lender forecloses.

26 Plaintiff further alleges that Chase wanted Plaintiff to apply for a loan modification
27 so that it could benefit from the financial information gathered by Plaintiff that would be
28 submitted with his loan modification application. Again, after *Iqbal* and *Twombly* this Court

- 6 -

1 need not accept as plausible such strained attempts to assert a factual hypothetical that would 2 withstand dismissal. Thus, Plaintiff fails to set forth a plausible damages claim with respect 3 to counts one through seven and nine through twelve.

4 Similarly, in counts thirteen through fifteen, Plaintiff fails to set forth a plausible 5 damages claim. The gravamen of those counts is that the Bosco Defendants were either 6 negligent in the performances of their duty to provide notice to the Trustor, or violated 7 provisions of the FDCPA, by providing notice to the Plaintiff Trustor directly, rather than 8 providing the notice to his attorney. Again, however, the Plaintiff fails to suggest in his 9 pleadings any way that this direct contact damaged him. He, therefore, similarly fails to set 10 forth a damages case with respect to claims thirteen through fifteen.

11 The above failures to plausibly plead any damage results in the insufficiency of 12 Plaintiff's claims for fraud (count one), misrepresentation (count two), promissory estoppel 13 (count three), breach of fiduciary duty (count four), violation of the Arizona Consumer Fraud 14 Act (count five), breach of the covenant of good faith and fair dealing (count six), negligence 15 as to Chase (count seven), failure to follow trustee procedures (count ten), wrongful 16 foreclosure (count eleven) unjust enrichment (count twelve), violation of the FDCPA (count 17 thirteen) and negligence (counts fourteen and fifteen).

18 Plaintiff's claim for defamation, count eight, requires separate analysis. The damages 19 resulting from such alleged defamation are presumably not related to Chase's alleged failure 20 to consider Plaintiff's loan modification application, or from the Bosco Defendants direct 21 contact with the Plaintiff. Thus, the Plaintiff's failure to establish damages under those 22 counts does not justify the immediate dismissal of Plaintiff's defamation claim.

23 Plaintiff alleges that Defendants made three separate types of statements that defamed 24 him. First, Plaintiff asserts that Defendants stated that Plaintiff "owed financial charges on 25 their mortgage loan account that Plaintiff did not owe." (Doc. 1, Ex. 4 at ¶ 130). Second, 26 Plaintiff claims that Defendants defamed him by stating that "Plaintiff's account was 27 delinquent," and third, that "Defendants have lawfully commenced a foreclosure of 28 Plaintiff's property." (*Id*.). Plaintiff further alleges that Defendants made these defamatory

1  statements to "debt collectors, door-knock companies, realtors, credit reporting agencies,
2  Plaintiff's neighborhood, and by publicly filing foreclosure." (*Id.* at ¶ 131). Defendants, in
3  moving to dismiss this claim, assert that the allegedly defamatory statements are true, and
4  that, therefore, the defamation claim should be dismissed.

5        In the FAC, Plaintiff asserts that he missed his first mortgage payment on October 1,
6  2009, (*Id.* at ¶ 22), and thereafter apparently missed additional payments. Plaintiff never
7  otherwise pleads facts in the FAC that would suggest that this delinquency status changed.
8  Although whether Plaintiff's account was delinquent when Defendants noticed the non-
9  judicial foreclosure is ultimately a question of fact, due to the presence of Plaintiff's pleading
10 in the FAC that his account was delinquent as of October 2009, Plaintiff has not raised a
11 plausible claim for defamation against Defendants for stating that his account was delinquent.
12

13       Further, as was previously explained, there is no support on the face of the complaint
14 for Plaintiff's apparent assertion that it was unlawful for the Defendants to commence a
15 foreclosure proceeding on Plaintiff's property. Even assuming that HAMP guidelines
16 encourage lenders to provide foreclosure alternatives to their debtors, there is no authority
17 for the proposition that HAMP or its regulations or guidelines create a private right of action
18 against lenders who begin foreclosure without doing so. *See, e.g., Berenice Thoreau de la*
19 *Salle,* 2010 U.S. Dist. LEXIS 36319, at *3–4. Therefore, to the extent that the Plaintiff bases
20 his defamation claim on these last two of three allegedly defamatory statements, the
21 defamation count does not allege sufficient facts to raise a plausible claim.

22       Nevertheless, Plaintiff's first charge of defamation succeeds in doing so. Plaintiff
23 alleges that Defendants defamed him by stating that he "owed financial charges on their
24 mortgage loan account that Plaintiff did not owe." The Bosco Defendants allege that this
25 instance of alleged defamation arises wholly out of the Defendant's compliance with A.R.S.
26 § 33-808(A). Section 33-808(A) requires the trustee to provide notice of a pending deed of
27 trust sale through various methods, including filing such notice with the County Recorder,
28 posting a notice on the property, and publishing notice in a newspaper of general circulation.

1    As such, Defendants assert they are absolutely privileged to publish such statements, even
2    if they are defamatory. RESTATEMENT (SECOND) OF TORTS § 592A (1977).

3          There are two problems with granting a motion to dismiss on this argument. First,
4    there is absolutely nothing in the FAC that suggests that the defamation only arose by the
5    publication of the statutorily-required notice of sale. Indeed, the FAC explicitly alleges that
6    in addition to the public filing of the notice of sale, and alerting the neighborhood,
7    Defendants made defamatory statements to "debt collectors, door-knock companies, realtors,
8    [and] credit reporting agencies." If Defendants made defamatory statements other than in
9    the statutorily-required notice of trustee's sale, there would be no absolute privilege in
10   making them. Such a determination cannot be made on a motion to dismiss.

11         Second, the statute only requires the trustee to "give written notice of the time and
12   place of [the trustee's] sale legally describing the trust property to be sold." The notice is to
13   be given by various methods, including filing a notice with the County recorder, posting a
14   notice on the property at least twenty days before the sale, and publishing the notice in a
15   newspaper of general circulation. A.R.S. § 33-808(A). The statute does not authorize or
16   require the trustee to disclose additional information other than the time and place of sale,
17   and a description of the property. Even assuming that the Defendants only made the
18   allegedly defamatory statements in their notice of trustee's sale, to the extent those
19   statements were more than the statute requires the trustee to make, and were defamatory as
20   to Plaintiff, the statute would not provide them with absolute privilege in making the
21   statements. While it may be unlikely that the notices contained such additional defamatory
22   statements, this Court was not provided in the motion to dismiss with the content of the
23   statutorily required notice. It cannot therefore conclude that Plaintiff has failed to state a
24   claim.

25         Defendants' Motions to Dismiss are thus granted to the extent that the Court dismisses
26   with leave to amend counts one through seven and counts nine through fifteen of Plaintiff's
27   First Amended Complaint. Should Plaintiff seek to bring a new amended complaint,
28   however, he shall file a motion for leave to file an amended complaint no later than March

- 9 -

2, 2011. The motion shall attach the proposed amended complaint and shall otherwise follow the requirements of Arizona Local Rule of Civil Procedure 15.1. Plaintiff is advised that the Court will not authorize the filing of an amended complaint to the extent that it merely repeats, without sufficient correction, the defective allegations identified above. Defendants' Motions to Dismiss are denied as to the count for defamation (count eight), the Court finding that Plaintiff has adequately stated a claim for relief under such count.

## II.    A.R.S. § 33-807(E)

In their separate motion, the Bosco Defendants assert that A.R.S. § 33-807(E) mandates that all of Plaintiff's claims asserted against them be dismissed and that they receive an award of their reasonable attorneys' fees and costs because Plaintiff does not allege "a breach of the trustee's obligation" under Chapter 6.1 of Title 33 of the Arizona Revised Statutes or under the deed of trust. (Doc. 11). A.R.S. § 33-807(E) states:

> The Trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter [A.R.S. title 33 chapter 6.1] or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

A.R.S. § 33-807(E). Defendants appear to be interpreting this provision as requiring their dismissal, or the dismissal of any trustee, in *any action* that does not allege a breach of the trustee's obligations either under Chapter 6.1 or under the deed of trust. The Court disagrees.

The Arizona Supreme Court has held that "the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). In interpreting a statute, the Court "must read the statute . . . to give it a fair and sensible meaning." *Id*. at 1224, 808 P.2d at 472. *See also Kessen v. Stewart*, 195 Ariz. 488, 491, ¶ 6, 990 P.2d 689, 692 (App. 1999) (Court will "give terms 'their ordinary meanings, unless the legislature has provided a specific definition or the context of the statute indicates a term carries a special meaning.'") (citation omitted). The Arizona Supreme Court

- 10 -

1 has further stated:

> It is also almost universally held that when the literal language of a statute will result in an absurdity, an impossibility, or a meaning, which, from the general context of the statute, is clearly at variance with the legislative intent, courts may and will alter, modify, or supply words to the statute in order to give effect to the manifest intention of the Legislature.

*State ex rel. Indus. Comm'n v. Pressley*, 74 Ariz. 412, 422, 250 P.2d 992, 998 (1952) (quoting *Keller v. State*, 46 Ariz. 106, 47 P.2d 442, 447 (1935)).

On its face, and by its placement, this statute governs legal actions that pertain to the authority to act given a trustee either by the trust deed itself or by the chapter of the Arizona Revised Statutes governing deeds of trust – currently Chapter 6.1 of Title 33. The plain meaning of the first sentence of the statute is that the plaintiff need only join the trustee as a party to a claim when that claim asserts that the trustee breached one or more of his or her obligations arising under either the deed of trust or Arizona statutes regulating trust deeds. The second sentence of the statute specifies that, to the extent a plaintiff wishes to challenge actions that a deed of trust or Arizona statute authorize a trustee to take, an order against the beneficiary alone is also sufficient to bind the trustee.

With these first two sentences as context, it is apparent that the third sentence means that if the trustee is joined as a party in any claim *pertaining to the trustee's authority to act*, that does not allege that the trustee breached an obligation arising from statute or the deed of trust, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." Thus, to avoid an unreasonable result, the phrase "any other action" in the provision's third sentence must not be interpreted broadly to mean any other action whatsoever, but rather should be interpreted to mean any action pertaining to the trustee's authority to act that does not allege that the trustee breached an obligation resulting from the deed of trust or statute. Such an interpretation of the third sentence is consistent with the scope of the entire statute and with the two sentences preceding it.

Thus, to receive the protection of A.R.S. § 33-807(E) as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant

- 11 -

1 in the claim. Second, that the claim relates to the authority of the trustee to act, given to the
2 trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, that the
3 claims do not allege that the trustee breached any of his or her obligations that arise under
4 either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates
5 deeds of trust.

6 Of the eight claims that Plaintiff brings against Defendants, four of them – Plaintiff's
7 claims for fraud, failure to follow trustee procedures, wrongful foreclosure, and unjust
8 enrichment – are the very types of claims to which the statute applies. In his claims on these
9 counts, Plaintiff alleges that the Bosco Defendants are liable because they began foreclosure
10 procedures despite knowing that Chase had not reviewed the Plaintiff's loan modification
11 application. Such claims, however, do not allege that the Bosco Defendants breached their
12 obligation or obligations arising under either the deed of trust or Arizona statute. Rather, the
13 claims assert that the Bosco Defendants should not have noticed a deed of trust sale because
14 Chase did not fulfill its legal obligations to the Plaintiff, and the Bosco Defendants were
15 aware of this failure.

16 The three statutory elements are satisfied. These claims are brought against the Bosco
17 Defendants. They pertain to "actions that the trustee is authorized to take by the trust deed
18 or by the provisions of Arizona law" – that is, noticing a deed of trust sale. Third, these
19 claims do not complain that the Bosco Defendants breached an obligation arising under the
20 deed of trust or Arizona law pertaining to deeds of trust. According to the complaint, the
21 obligation that is breached is Defendant Chase's obligation to keep its promises to Plaintiff
22 and/or to comply with federal law by reviewing Plaintiff's loan modification application.
23 Therefore, pursuant to the statute, any order of the Court entered against Chase on these
24 counts is sufficient to bind the Bosco Defendants as it pertains to the exercise of their
25 authority as trustee, and the Bosco Defendants must be dismissed as a party to these claims.

26 That conclusion is not changed by any allegation that the Bosco Defendants failed to
27 follow their own internal policies in instituting the foreclosure, which, if followed, would
28 have resulted in their refusal to institute foreclosure proceedings in light of Chase's alleged

1    failures. A trustee's violation of his own internal policies, without more, does not amount to
2    an allegation that the trustee violated his obligations under the deed of trust or the statutory
3    chapter regulating trust deeds as is required by A.R.S. § 33-807(E). And, at any rate, in such
4    instances an order against Chase would, under the statute, still be sufficient to bind the Bosco
5    Defendants as to the exercise of their authority granted under the deed of trust or Arizona
6    statute. The Bosco Defendants are, therefore, entitled to be dismissed on such counts and are
7    further entitled to recover their reasonable costs and attorneys' fees incident to that dismissal.

8            Plaintiff's claims for defamation, breach of the FDCPA, and negligence (counts
9    fourteen and fifteen) are, however, different. Aside from the merits of these counts, each of
10   them, as pled, apparently alleges either that the Bosco Defendants committed a tort that was
11   not related to any action they were authorized to take under the deed of trust, or that the Bosco
12   Defendants violated a duty of the trustee arising under the deed of trust or the statutes
13   regulating it. In either case, the protections of A.R.S. § 33-807(E) do not apply.

14           For example, to the extent that Plaintiff alleges that the Bosco Defendants defamed him
15   by stating that he owed amounts on his mortgage account with Chase that he did not owe, and
16   such statements were made independent of providing the notice of trustee's sale required by
17   the statute, such an allegation does not relate to actions that a trustee is authorized to take by
18   the deed of trust or by Arizona statute. Alternatively, to the extent the Plaintiff alleges that
19   the trustee, in noticing the trustee's sale, made defamatory statements beyond those required
20   by the statute, the claim apparently alleges that the trustee was negligent as to one of his duties
21   arising under the statute to provide specified notice of the deed of trust sale. In either case,
22   the protections of A.R.S. § 33-807(E) are not available to the trustee.

23           Further, counts thirteen through fifteen all seem to allege that the trustee breached his
24   duty to provide notice to the trustor by communicating with the trustor directly when the
25   trustee should have communicated with the trustor's counsel. While these counts have been
26   dismissed on other grounds, they seem to allege that the trustee violated one of his duties as
27   trustee that arose either from statute or from the deed of trust. Therefore, the statute does not
28   provide a basis for the award of attorneys' fees to the Bosco Defendants for defending the

- 13 -

counts for defamation, violation of the FDCPA, or negligence or negligence per se.

Therefore, in sum, in addition to providing a separate basis for the dismissal of counts one, ten, eleven and twelve of the FAC against the Bosco Defendants, A.R.S. § 33-807(E) entitles them to an award for their reasonable costs and attorneys' fees incurred in defending those claims. The award shall be made upon the Bosco Defendants' compliance with Local Rule 54.2.

**III.     The Motion for Sanctions**

Although Plaintiff argues that the Bosco Defendants should be sanctioned pursuant to Federal Rule of Civil Procedure 11 and A.R.S. §12-349 for their failure to settle this claim, he provides no sufficient argument that the Bosco Defendants have violated either of these provisions. To be sanctioned under Rule 11 a party, or his or her attorney, must present to the court a pleading that is either presented for an improper purpose or is based on a frivolous and unfounded legal or factual argument. Plaintiff points to no such pleading here. Pursuant to A.R.S. § 12-349, a party or an attorney must either "bring or defend a claim without substantial justification" or primarily for delay or harassment, unreasonably expand or delay the proceedings, or engage in abuse of discovery. The Bosco Defendants have not done so here. Plaintiff's motion for sanctions is, therefore, denied.

**IT IS THEREFORE ORDERED** granting in part and denying in part Chase's Motion to Dismiss (Doc. 10), and the Bosco Defendants' Motion to Dismiss Plaintiff's First Amended Verified Complaint and Request for Costs and Attorneys' Fees. (Doc. 11). The Motions are granted to the extent that they dismiss counts one through seven and counts nine through fifteen of Plaintiff's First Amended Complaint, with leave to file a motion to amend by March 2, 2011. Defendants' Motions to Dismiss are denied as to the count for defamation (count eight), the Court finding that Plaintiff has adequately stated a claim for relief under such count.

**IT IS FURTHER ORDERED** that should Plaintiff seek to bring a new amended complaint, however, he shall file a motion for leave to file an amended complaint no later than **March 7, 2011**. The motion shall attach the proposed amended complaint and shall otherwise

follow the requirements of Arizona Local Rule of Civil Procedure 15.1.

**IT IS FURTHER ORDERED** granting the Bosco Defendants' motion for costs and attorneys fees' (Doc. 11) for defending against counts one, ten, eleven and twelve, upon their compliance with Local Rule 54.2.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions. (Doc. 29).

**IT IS FURTHER ORDERED** denying as moot, Defendants' motions for summary disposition on their respective Motions to Dismiss. (Docs. 27, 33).

DATED this 4th day of February, 2011.

G. Murray Snow
United States District Judge