1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Matthew L. Puzz, a single man,          )   No. CV-10-1699-PHX-GMS
                                            )
10              Plaintiff,                   )   **AMENDED ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
    Chase Home Finance, LLC; Michael A.)
13   Bosco and Jane Doe 1, a married couple)
    with community property; Mark S. Bosco)
14   and Jane Doe 2, a married couple with)
    community property; Tiffany & Bosco,)
15   P.A.,                                   )
                                            )
16              Defendants.                  )
    _____)

17

18

19          Pending before this Court are: (1) Motion to Dismiss filed  by Chase Home Finance,

20   LLC, (Doc. 10); (2) Motion to Dismiss Plaintiff's First Amended Verified Complaint and

21   Request for Costs and Attorneys' Fees by the Bosco Defendants (Doc. 11); (3) Motion for

22   Summary Disposition on Motion to Dismiss Plaintiff's First Amended Verified Complaint

23   and Request for Costs and Attorneys' Fees by the Bosco Defendants (Doc. 27); (4) Motion

24   for Sanctions and Response to Motion for Ruling/ Summary Disposition by Plaintiff (Doc.

25   29); and (5) Chase's Request for Summary Ruling (Doc. 33).  For the reasons stated below,

26   the Defendants' Motions to Dismiss are granted in part and denied in part; Plaintiff's Motion

27

28

for Sanctions is denied; and Defendants' Motions for Summary Ruling are denied as moot.[1]

**BACKGROUND**

According to the First Amended Verified Complaint ("FAC"), on November 6, 2006, Plaintiff borrowed money to purchase the subject real property at 1243 West Kiva Avenue in Mesa. (Doc. 1, Ex. 4 at ¶¶ 2, 15). To borrow the money he gave a promissory note and deed of trust. Plaintiff's obligation on the note was apparently transferred to Defendant Chase which also apparently became the beneficiary on the deed of trust. (*Id*.). Plaintiff missed his first mortgage payment on October 1, 2009. (*Id*. at ¶ 22).

On its website, Chase stated that it would consider whether debtors in default were eligible to receive loan modifications, and if not, would consider other workout options. Plaintiff had his attorney request a loan modification application from Chase. Chase sent some correspondence to Plaintiff, and Plaintiff submitted a Freddie Mac "Request for Modification" application to Chase on February 12, 2010. (*Id*. at ¶ 30). Chase received the application on February 16, 2010. (*Id*. at ¶ 32). Plaintiff alleges that Chase never intended to evaluate him for a loan modification or other workout solution, but instead determined that it would foreclose on the deed of trust.

On or about February 1, 2010, however, Chase had referred Plaintiff's file to the Bosco Defendants to conduct the non-judicial foreclosure.[2] (*Id*. at ¶ 43). On February 26, 2010, the Bosco Defendants recorded a substitution of trustee and noticed a trustee sale of the subject property. (*Id*. at ¶¶ 48–49). In early March, the Bosco Defendants sent correspondence directly to Plaintiff informing him of the foreclosure. (*Id*. at ¶ 51). The

---

[1] Plaintiff and Bosco Defendants' requests for oral argument are denied because the parties have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev*., 933 F.2d 724, 729 (9th Cir. 1991).

[2] The Bosco Defendants consist of Michael A. and Mark S. Bosco, their spouses, and their law firm, Tiffany & Bosco, P.A. All of the allegations pertaining to the Bosco Defendants in the FAC arise from actions taken by Michael A. Bosco as successor trustee on the deed of trust at issue in this case.

1   Defendants placed a sign on the subject property on April 30, 2010.  (*Id*. at ¶ 53).

2          In mid-May, Plaintiff initiated this legal proceeding in Maricopa County Superior

3   Court.  Plaintiff received an order from Superior Court that temporarily restrained the non-

4   judicial foreclosure. (*Id*. at ¶ 57).  The Bosco Defendants thereafter postponed but did not

5   terminate the trustee's sale.  (*Id*. at ¶¶ 59–60).  Plaintiff alleges that as of the date of the FAC,

6   Defendant Chase "refuses to provide Puzz with a Non-Approval Notice/Borrower's Notice

7   or consider Puzz for all other loss mitigation/foreclosure prevention options."  (*Id*. at ¶ 63).

8   Plaintiff further alleges that the Defendants' "sole motivation" in not evaluating him for a

9   loan modification "is to illegally foreclose against Puzz's Property and collect insurance

10  money from Freddie Mac and the United States Treasury."  (*Id*. at ¶ 64).

11         Plaintiff's FAC alleges causes of action against all Defendants for fraud (count 1),

12  defamation (count 8), failure to follow trustee procedures (count 10), wrongful foreclosure

13  (count 11), and unjust enrichment (count 12).  It alleges causes of action against only Chase

14  for misrepresentation (count 2), promissory estoppel (count 3), breach of fiduciary duty

15  (count 4), violation of the Arizona Consumer Fraud Act (count 5), breach of the covenant of

16  good faith and fair dealing (count 6), negligence (count 7), and intentional infliction of

17  emotional distress (count 9).  Finally, the FAC alleges causes of action against only the

18  Bosco Defendants for a violation of the Fair Debt Collection Practices Act ("FDCPA")

19  (count 13),  negligence per se (count 14), and negligence (count 15).[3]

20         Chase and the Bosco Defendants filed separate motions to dismiss which detailed

21  arguments as to why each of the above counts failed to adequately state a claim.  The Bosco

22  Defendants' motion also included a request for costs and attorneys' fees pursuant to A.R.S.

23  § 33-807(E) (2007).

24         Plaintiff has never responded to either Motion to Dismiss.  Instead Plaintiff filed three

25  separate stipulations to extend the deadline by which he was required to respond.  After the

26

27  _____

28  [3] There is no meaningful distinction between Plaintiff's separate counts against the
    Bosco Defendants for negligence per se (count fourteen) and negligence (count fifteen).

1   third stipulated motion for extension was denied by the Court, Plaintiff still failed to timely

2   file a response to either Motion.  The Bosco Defendants then filed a Motion for Summary

3   Disposition.  Plaintiff filed a Response to the Bosco Defendants' Motion for Summary

4   Disposition together with a Motion for Sanctions, but Plaintiff still has filed no response to

5   either Motion to Dismiss.

6          In Plaintiff's Motion for Sanctions, Plaintiff asserts that settlement should occur in this

7   litigation because "as a result of this lawsuit" Chase took what Plaintiff asserts are the

8   necessary steps prior to foreclosure that "allows Plaintiff to be properly and thoroughly

9   reviewed for all loss mitigation and foreclosure prevention options." (Doc. 29 at 7).  Further,

10  "Defendants ceased directly contacting Plaintiff, cancelled the illegal trustee's sale and

11  ceased informing third parties of a foreclosure date barred by the TRO." (*Id*. at 6).

12  Settlement nevertheless has not occurred because the Bosco Defendants have declined

13  Plaintiff's "walk away" proposal and do not wish to drop their request for the reimbursement

14  and attorneys' fees and costs under A.R.S. § 33-807(E).  Plaintiff asserts that the Bosco

15  Defendants should be fined for their refusal to settle, pursuant to A.R.S. § 12-349 (2003)

16  and/or Rule 11 of the Federal Rules of Civil Procedure.

17                                  **DISCUSSION**

18  **I.     The Motions To Dismiss**

19         Plaintiff did not respond to either of the Defendants' Motions to Dismiss.  In the

20  absence of any response, both Defendants have moved for the summary granting of their

21  motions pursuant to Local Rule of Civil Procedure 7.2(i), which provides, in pertinent part:

22         [I]f the opposing party does not serve and file the required answering
           memoranda . . . such non-compliance may be deemed a consent to the . . .
23         granting of the motion and the Court may dispose of the motion summarily.

24  The Court, thus, may deem Plaintiff's failure to timely respond a consent to the granting of

25  the Defendants' Motions to Dismiss.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir.

26  1995) (holding that district court did not abuse its discretion in summarily granting

27  defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to

28  respond to motion but failed to do so); *United States v. $22,474 in U.S. Currency*, 55 F.

1  Supp. 2d 1007, 1011 (D. Ariz. 1999) (citing former Rule 1.10(i) and stating that failure to

2  comply with Local Rules "would be grounds upon which to summarily grant the

3  Government's motion to dismiss"). Nevertheless, the Bosco Defendants request that we grant

4  them their attorneys' fees pursuant to A.R.S. § 33-807(E) requires an evaluation to some

5  extent of the nature of Plaintiff's claims. The Court will, therefore, evaluate the merits of the

6  defense motions. The Defendants' motions for summary entry of judgment on their motions

7  to dismiss therefore, are denied.

8  ### A.    Legal Standard

9  To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil

10  Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a

11  "formulaic recitation of the elements of a cause of action," it must contain factual allegations

12  sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,

13  550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations

14  . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"

15  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*,

16  550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550

19  U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a

20  defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent

21  with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

22  entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal citations omitted).

23  Similarly, legal conclusions couched as factual allegations are not given a presumption of

24  truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient

25  to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

27  ### B.    Analysis

28  Plaintiff's complaint fails in many respects to meet the above standard. The gravamen

1   of Plaintiff's counts one through seven and nine through twelve is the allegation that Chase
2   promised him, with the Bosco Defendants' knowledge, to evaluate loan modification options
3   or other foreclosure alternatives before foreclosing on his deed of trust. Plaintiff also
4   apparently alleges that Chase was obligated to evaluate loan modification options for the
5   Plaintiff pursuant to federal law.  While Defendants have admittedly not foreclosed, they
6   nevertheless did notice and re-notice a deed of trust sale prior to cancelling such notices after
7   the initiation of the lawsuit.

8         The FAC asserts that Plaintiff was damaged by submitting a Freddie Mac loan
9   modification application to Chase on February 12, 2010. (Doc. 1, Ex. 4 at ¶ 72).  However,
10  such an allegation, without more, fails to allege sufficient facts to make it plausible that this
11  submission in some way injured the Plaintiff. The FAC does allege that Chase wanted
12  Plaintiff to apply for a loan modification so that it could deny the application, yet still
13  foreclose on the property and receive insurance proceeds from Freddie Mac.  (*Id.* at ¶ 105).
14  Nevertheless, to the extent that Plaintiff seeks to assert the legal conclusion that Chase was
15  required to have a loan modification application from Plaintiff before being able to receive
16  Freddie Mac benefits on his foreclosure, the Court need not accept such legal conclusions
17  as being sufficient to state a claim when they are wholly unsupported by existing law.

18        Even assuming that the Home Affordable Modification Act ("HAMP") guidelines
19  suggest that lenders provide foreclosure alternatives to their debtors, there is no authority for
20  the proposition that HAMP or its regulations or guidelines create a private right of action
21  against lenders who begin foreclosure without providing such alternatives.  *See, e.g.,*
22  *Berenice Thoreau de la Salle v. America's Wholesale Lender,* 2010 U.S. Dist. LEXIS 36319,
23  at *3–4 (E.D. Cal. 2010).  Nor does Plaintiff provide any authority suggesting that Freddie
24  Mac can withhold insurance proceeds based on a lender's failure to process a loan
25  modification application from a borrower in default on which the lender forecloses.

26        Plaintiff further alleges that Chase wanted Plaintiff to apply for a loan modification
27  so that it could benefit from the financial information gathered by Plaintiff that would be
28  submitted with his loan modification application.  Again, after *Iqbal* and *Twombly* this Court

1    need not accept as plausible such strained attempts to assert a factual hypothetical that would

2    withstand dismissal.  Thus, Plaintiff fails to set forth a plausible damages claim with respect

3    to counts one through seven and nine through twelve.

4            Similarly, in counts thirteen through fifteen, Plaintiff fails to set forth a plausible

5    damages claim.  The gravamen of those counts is that the Bosco Defendants were either

6    negligent in the performances of their duty to provide notice to the Trustor, or violated

7    provisions of the FDCPA, by providing notice to the Plaintiff Trustor directly, rather than

8    providing the notice to his attorney.  Again, however, the Plaintiff fails to suggest in his

9    pleadings any way that this direct contact damaged him.  He, therefore, similarly fails to set

10   forth a damages case with respect to claims thirteen through fifteen.

11           The above failures to plausibly plead any damage results in the insufficiency of

12   Plaintiff's claims for fraud (count one), misrepresentation (count two), promissory estoppel

13   (count three), breach of fiduciary duty (count four), violation of the Arizona Consumer Fraud

14   Act (count five), breach of the covenant of good faith and fair dealing (count six), negligence

15   as to Chase (count seven), failure to follow trustee procedures (count ten), wrongful

16   foreclosure (count eleven) unjust enrichment (count twelve), violation of the FDCPA (count

17   thirteen) and negligence (counts fourteen and fifteen).

18           Plaintiff's claim for defamation, count eight, requires separate analysis.  The damages

19   resulting from such alleged defamation are presumably not related to Chase's alleged failure

20   to consider Plaintiff's loan modification application, or from the Bosco Defendants direct

21   contact with the Plaintiff.  Thus, the Plaintiff's failure to establish damages under those

22   counts does not justify the immediate dismissal of Plaintiff's defamation claim.

23           Plaintiff alleges that Defendants made three separate types of statements that defamed

24   him.  First, Plaintiff asserts that Defendants stated that Plaintiff "owed financial charges on

25   their mortgage loan account that Plaintiff did not owe." (Doc. 1, Ex. 4 at ¶ 130).  Second,

26   Plaintiff claims that Defendants defamed him by stating that "Plaintiff's account was

27   delinquent," and third, that "Defendants have lawfully commenced a foreclosure of

28   Plaintiff's property." (*Id.*).  Plaintiff further alleges that Defendants made these defamatory

1    statements to "debt collectors, door-knock companies, realtors, credit reporting agencies,

2    Plaintiff's neighborhood, and by publicly filing foreclosure." (*Id.* at ¶ 131). Defendants, in

3    moving to dismiss this claim, assert that the allegedly defamatory statements are true, and

4    that, therefore, the defamation claim should be dismissed.

5         In the FAC, Plaintiff asserts that he missed his first mortgage payment on October 1,

6    2009, (*Id.* at ¶ 22), and thereafter apparently missed additional payments.  Plaintiff never

7    otherwise pleads facts in the FAC that would suggest that this delinquency status changed.

8    Although whether Plaintiff's account was delinquent when Defendants noticed the non-

9    judicial foreclosure is ultimately a question of fact, due to the presence of Plaintiff's pleading

10   in the FAC that his account was delinquent as of October 2009, Plaintiff has not raised a

11   plausible claim for defamation against Defendants for stating that his account was delinquent.

12

13        Further, as was previously explained, there is no support on the face of the complaint

14   for Plaintiff's apparent assertion that it was unlawful for the Defendants to commence a

15   foreclosure proceeding on Plaintiff's property.  Even assuming that HAMP guidelines

16   encourage lenders to provide foreclosure alternatives to their debtors, there is no authority

17   for the proposition that HAMP or its regulations or guidelines create a private right of action

18   against lenders who begin foreclosure without doing so. *See, e.g., Berenice Thoreau de la*

19   *Salle,* 2010 U.S. Dist. LEXIS 36319, at *3–4.  Therefore, to the extent that the Plaintiff bases

20   his defamation claim on these last two of three allegedly defamatory statements, the

21   defamation count does not allege sufficient facts to raise a plausible claim.

22        Nevertheless, Plaintiff's first charge of defamation succeeds in doing so.  Plaintiff

23   alleges that Defendants defamed him by stating that he "owed financial charges on their

24   mortgage loan account that Plaintiff did not owe."  The Bosco Defendants allege that this

25   instance of alleged defamation arises wholly out of the Defendant's compliance with A.R.S.

26   § 33-808(A).  Section 33-808(A) requires the trustee to provide notice of a pending deed of

27   trust sale through various methods, including filing such notice with the County Recorder,

28   posting a notice on the property, and publishing notice in a newspaper of general circulation.

1   As such, Defendants assert they are absolutely privileged to publish such statements, even

2   if they are defamatory.  RESTATEMENT (SECOND) OF TORTS § 592A (1977).

3          There are two problems with granting a motion to dismiss on this argument. First,

4   there is absolutely nothing in the FAC that suggests that the defamation only arose by the

5   publication of the statutorily-required notice of sale.  Indeed, the FAC explicitly alleges that

6   in addition to the public filing of the notice of sale, and alerting the neighborhood,

7   Defendants made defamatory statements to "debt collectors, door-knock companies, realtors,

8   [and] credit reporting agencies."  If Defendants made defamatory statements other than in

9   the statutorily-required notice of trustee's sale, there would be no absolute privilege in

10  making them.  Such a determination cannot be made on a motion to dismiss.

11         Second, the statute only requires the trustee to "give written notice of the time and

12  place of [the trustee's] sale legally describing the trust property to be sold."  The notice is to

13  be given by various methods, including filing a notice with the County recorder, posting a

14  notice on the property at least twenty days before the sale, and publishing the notice in a

15  newspaper of general circulation.  A.R.S. § 33-808(A).  The statute does not authorize or

16  require the trustee to disclose additional information other than the time and place of sale,

17  and a description of the property.  Even assuming that the Defendants only made the

18  allegedly defamatory statements in their notice of trustee's sale, to the extent those

19  statements were more than the statute requires the trustee to make, and were defamatory as

20  to Plaintiff, the statute would not provide them with absolute privilege in making the

21  statements.  While it may be unlikely that the notices contained such additional defamatory

22  statements, this Court was not provided in the motion to dismiss with the content of the

23  statutorily required notice.  It cannot therefore conclude that Plaintiff has failed to state a

24  claim.

25         Defendants' Motions to Dismiss are thus granted to the extent that the Court dismisses

26  with leave to amend counts one through seven and counts nine through fifteen of Plaintiff's

27  First Amended Complaint. Should Plaintiff seek to bring a new amended complaint,

28  however, he shall file a motion for leave to file an amended complaint no later than March

7, 2011. The motion shall attach the proposed amended complaint and shall otherwise follow the requirements of Arizona Local Rule of Civil Procedure 15.1. Plaintiff is advised that the Court will not authorize the filing of an amended complaint to the extent that it merely repeats, without sufficient correction, the defective allegations identified above. Defendants' Motions to Dismiss are denied as to the count for defamation (count eight), the Court finding that Plaintiff has adequately stated a claim for relief under such count.

## II.   A.R.S. § 33-807(E)

In their separate motion, the Bosco Defendants assert that A.R.S. § 33-807(E) mandates that all of Plaintiff's claims asserted against them be dismissed and that they receive an award of their reasonable attorneys' fees and costs because Plaintiff does not allege "a breach of the trustee's obligation" under Chapter 6.1 of Title 33 of the Arizona Revised Statutes or under the deed of trust. (Doc. 11). A.R.S. § 33-807(E) states:

> The Trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter [A.R.S. title 33 chapter 6.1] or under the deed of trust. Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter. If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

A.R.S. § 33-807(E). Defendants appear to be interpreting this provision as requiring their dismissal, or the dismissal of any trustee, in *any action* that does not allege a breach of the trustee's obligations either under Chapter 6.1 or under the deed of trust. The Court disagrees.

The Arizona Supreme Court has held that "the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). In interpreting a statute, the Court "must read the statute . . . to give it a fair and sensible meaning." *Id*. at 1224, 808 P.2d at 472. *See also Kessen v. Stewart*, 195 Ariz. 488, 491, ¶ 6, 990 P.2d 689, 692 (App. 1999) (Court will "give terms 'their ordinary meanings, unless the legislature has provided a specific definition or the context of the statute indicates a term carries a special meaning.'") (citation omitted). The Arizona Supreme Court

1    has further stated:

2            It is also almost universally held that when the literal language of a statute will
             result in an absurdity, an impossibility, or a meaning, which, from the general
3            context of the statute, is clearly at variance with the legislative intent, courts
             may and will alter, modify, or supply words to the statute in order to give effect
4            to the manifest intention of the Legislature.

5    *State ex rel. Indus. Comm'n v. Pressley*, 74 Ariz. 412, 422, 250 P.2d 992, 998 (1952) (quoting

6    *Keller v. State*, 46 Ariz. 106, 47 P.2d 442, 447 (1935)).

7            On its face, and by its placement, this statute governs legal actions that pertain to the

8    authority to act given a trustee either by the trust deed itself or by the chapter of the Arizona

9    Revised Statutes governing deeds of trust – currently Chapter 6.1 of Title 33. The plain

10   meaning of the first sentence of the statute is that the plaintiff need only join the trustee as a

11   party to a claim when that claim asserts that the trustee breached one or more of his or her

12   obligations arising under either the deed of trust or Arizona statutes regulating trust deeds.

13   The second sentence of the statute specifies that, to the extent a plaintiff wishes to challenge

14   actions that a deed of trust or Arizona statute authorize a trustee to take, an order against the

15   beneficiary alone is also sufficient to bind the trustee.

16           With these first two sentences as context, it is apparent that the third sentence means

17   that if the trustee is joined as a party in any claim *pertaining to the trustee's authority to act*,

18   that does not allege that the trustee breached an obligation arising from statute or the deed of

19   trust, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable

20   attorney fees from the person joining the trustee." Thus, to avoid an unreasonable result, the

21   phrase "any other action" in the provision's third sentence must not be interpreted broadly to

22   mean any other action whatsoever, but rather should be interpreted to mean any action

23   pertaining to the trustee's authority to act that does not allege that the trustee breached an

24   obligation resulting from the deed of trust or statute.  Such an interpretation of the third

25   sentence is consistent with the scope of the entire statute and with the  two sentences

26   preceding it.

27           Thus, to receive the protection of A.R.S. § 33-807(E) as to any particular claim, a

28   trustee must establish three elements.  First, that the trustee has been named as a defendant

1    in the claim.  Second, that the claim relates to the authority of the trustee to act, given to the
2    trustee either by the trust deed or Arizona statutes regulating trust deeds.  Third, that the
3    claims do not allege that the trustee breached any of his or her obligations that arise under
4    either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates
5    deeds of trust.

6         Of the eight claims that Plaintiff brings against Defendants, four of them – Plaintiff's
7    claims for fraud, failure to follow trustee procedures, wrongful foreclosure, and unjust
8    enrichment – are the very types of claims to which the statute applies. In his claims on these
9    counts, Plaintiff alleges that the Bosco Defendants are liable because they began foreclosure
10   procedures despite knowing that Chase had not reviewed the Plaintiff's loan modification
11   application.   Such claims, however, do not allege that the Bosco Defendants breached their
12   obligation or obligations arising under either the deed of trust or Arizona statute.  Rather, the
13   claims assert that the Bosco Defendants should not have noticed a deed of trust sale because
14   Chase did not fulfill its legal obligations to the Plaintiff, and the Bosco Defendants were
15   aware of this failure.

16        The three statutory elements are satisfied.  These claims are brought against the Bosco
17   Defendants.  They pertain to "actions that the trustee is authorized to take by the trust deed
18   or by the provisions of Arizona law" – that is, noticing a deed of trust sale.  Third, these
19   claims do not complain that the Bosco Defendants breached an obligation arising under the
20   deed of trust or Arizona law pertaining to deeds of trust.  According to the complaint, the
21   obligation that is breached is Defendant Chase's obligation to keep its promises to Plaintiff
22   and/or to comply with federal law by reviewing Plaintiff's loan modification application.
23   Therefore, pursuant to the statute, any order of the Court entered against Chase on these
24   counts is sufficient to bind the Bosco Defendants as it pertains to the exercise of their
25   authority as trustee, and the Bosco Defendants must be dismissed as a party to these claims.

26        That conclusion is not changed by any allegation that the Bosco Defendants failed to
27   follow their own internal policies in instituting the foreclosure, which, if followed, would
28   have resulted in their refusal to institute foreclosure proceedings in light of Chase's alleged

failures.  A trustee's violation of his own internal policies, without more, does not amount to an allegation that the trustee violated his obligations under the deed of trust or the statutory chapter regulating trust deeds as is required by A.R.S. § 33-807(E).  And, at any rate, in such instances an order against Chase would, under the statute, still be sufficient to bind the Bosco Defendants as to the exercise of their authority granted under the deed of trust or Arizona statute.  The Bosco Defendants are, therefore, entitled to be dismissed on such counts and are further entitled to recover their reasonable costs and attorneys' fees incident to that dismissal.

Plaintiff's claims for defamation, breach of the FDCPA, and negligence (counts fourteen and fifteen) are, however, different.  Aside from the merits of these counts, each of them, as pled, apparently alleges either that the Bosco Defendants committed a tort that was not related to any action they were authorized to take under the deed of trust, or that the Bosco Defendants violated a duty of the trustee arising under the deed of trust or the statutes regulating it.  In either case, the protections of A.R.S. § 33-807(E) do not apply.

For example, to the extent that Plaintiff alleges that the Bosco Defendants defamed him by stating that he owed amounts on his mortgage account with Chase that he did not owe, and such statements were made independent of providing the notice of trustee's sale required by the statute, such an allegation does not relate to actions that a trustee is authorized to take by the deed of trust or by Arizona statute.  Alternatively, to the extent the Plaintiff alleges that the trustee, in noticing the trustee's sale, made defamatory statements beyond those required by the statute, the claim apparently alleges that the trustee was negligent as to one of his duties arising under the statute to provide specified notice of the deed of trust sale.  In either case, the protections of A.R.S. § 33-807(E) are not available to the trustee.

Further, counts thirteen through fifteen all seem to allege that the trustee breached his duty to provide notice to the trustor by communicating with the trustor directly when the trustee should have communicated with the trustor's counsel.  While these counts have been dismissed on other grounds, they seem to allege that the trustee violated one of his duties as trustee that arose either from statute or from the deed of trust.  Therefore, the statute does not provide a basis for the award of attorneys' fees to the Bosco Defendants for defending the

1  counts for defamation, violation of the FDCPA, or negligence or negligence per se.

2         Therefore, in sum, in addition to providing a separate basis for the dismissal of counts

3  one, ten, eleven and twelve of the FAC against the Bosco Defendants, A.R.S. § 33-807(E)

4  entitles them to an award for their reasonable costs and attorneys' fees incurred in defending

5  those claims.  The award shall be made upon the Bosco Defendants' compliance with Local

6  Rule 54.2.

7  **III.    The Motion for Sanctions**

8         Although Plaintiff argues that the Bosco Defendants should be sanctioned pursuant to

9  Federal Rule of Civil Procedure 11 and A.R.S. §12-349 for their failure to settle this claim,

10  he provides no sufficient argument that the Bosco Defendants have violated either of these

11  provisions.  To be sanctioned under Rule 11 a party, or his or her attorney, must present to the

12  court a pleading that is either presented for an improper purpose or is based on a frivolous and

13  unfounded legal or factual argument.  Plaintiff points to no such pleading here.  Pursuant to

14  A.R.S. § 12-349, a party or an attorney must either "bring or defend a claim without

15  substantial justification" or primarily for delay or harassment, unreasonably expand or delay

16  the proceedings, or engage in abuse of discovery.  The Bosco Defendants have not done so

17  here.  Plaintiff's motion for sanctions is, therefore, denied.

18         **IT IS THEREFORE ORDERED** granting in part and denying in part Chase's Motion

19  to Dismiss (Doc. 10), and the Bosco Defendants' Motion to Dismiss Plaintiff's First Amended

20  Verified Complaint and Request for Costs and Attorneys' Fees. (Doc. 11).  The Motions are

21  granted to the extent that they dismiss counts one through seven and counts nine through

22  fifteen of Plaintiff's First Amended Complaint, with leave to file a motion to amend by March

23  7, 2011.  Defendants' Motions to Dismiss are denied as to the count for defamation (count

24  eight), the Court finding that Plaintiff has adequately stated a claim for relief under such

25  count.

26         **IT IS FURTHER ORDERED** that should Plaintiff seek to bring a new amended

27  complaint, however, he shall file a motion for leave to file an amended complaint no later than

28  **March 7, 2011**.  The motion shall attach the proposed amended complaint and shall otherwise

follow the requirements of Arizona Local Rule of Civil Procedure 15.1.

**IT IS FURTHER ORDERED** granting the Bosco Defendants' motion for costs and attorneys fees' (Doc. 11) for defending against counts one, ten, eleven and twelve, upon their compliance with Local Rule 54.2.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions. (Doc. 29).

**IT IS FURTHER ORDERED** denying as moot, Defendants' motions for summary disposition on their respective Motions to Dismiss. (Docs. 27, 33).

DATED this 4th day of February, 2011.

G. Murray Snow
United States District Judge